UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL E.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:22-cv-474

Cole, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a pro se complaint against the Acting Commissioner of the Social Security Commission, as well as an individual adjudicator, alleging in part that he is "the named representative[] for [TC] …and…a minor child…known as HJS." (Doc. 3, Complaint at ¶ 1).[2] Although federal jurisdiction is disputed by the Defendants, Plaintiff alleges that jurisdiction is proper under 42 U.S.C. §405(g) because pursuit of administrative remedies would be "vain, futile, and exhausting." (*Id*. at ¶ 5).

Four dispositive motions are pending before the presiding district judge, including Plaintiff's motion for default judgment and three motions to dismiss filed by Defendants. (Docs. 8, 12, 13, 15). However, Plaintiff also has filed a motion to cease and desist that has been classified as non-dispositive and referred to the undersigned.[3] For the reasons that follow, the latter motion is DENIED.

---

[1] Due to significant privacy concerns, this Court refers to social security claimants only by their first names and last initials. *See* General Order 22-01. Although Plaintiff himself is not a social security claimant, the undersigned refers to him by only his first name and last initial out of an abundance of caution. .
[2] Given that the actual social security claimants for whom Plaintiff seeks to be recognized as a non-lawyer representative are nonparties to this case, they are referred to by their initial only.
[3] *See* Cincinnati General Order 22-02, Case Category 5.

I.     The Subject Matter of the Complaint

To understand the context of Plaintiff's motion to cease and desist, the Court briefly reviews the subject matter of Plaintiff's complaint.

The complaint alleges that TC and HJS, who reside in Cambodia, sought survivor benefits in 2016 based upon the death of an individual referred to as "Jimmie." Plaintiff alleges that with his assistance, TC and HJS completed and mailed the forms to SSA from the Kingdom of Cambodia in September of 2016. (Doc. at ¶¶ 1, 11). Thereafter, in July of 2017, Plaintiff alleges that he moved from Cambodia to Ohio. Plaintiff alleges that he notified Defendants of his change of address, but that Defendants "failed to effectively affirm and/or deny, that Michael is the named representative for [TC], and/or HJS…." (*Id.* at ¶ 13).

Multiple claims rest on Plaintiff's allegation that Defendants have "knowingly established a history of failing to deliver decisions and other important mailings" to him. (*Id.* at ¶¶ 18, 34, 44). Specifically, Plaintiff alleges that "sometime in the Fall of 2019," Defendants rendered and failed to serve a "decision" about TC's benefit petitions to Plaintiff and/or to TC. (*Id.* at ¶ 30). He further asserts that the Defendants issued a "Notice of Change in Benefits" decision on August 5, 2020 concerning HJS's survivor benefit petition, but failed to mail that decision to him. (*Id.* at ¶ 31).

Plaintiff alleges that not only did Defendants fail to update his address, but that they have failed to acknowledge his status as the claimants' representative. For example, he alleges that Defendants failed to acknowledge receipt or to "adjudicate" a form SSA-1699, which Plaintiff allegedly completed to become a "paid" representative. (*Id.* at ¶¶ 21-22). He alleges that he also mailed to Defendants "two properly executed form[s] SSA-

2

561-U2." (*Id.* at ¶ 39).

Plaintiff seeks to hold both Defendants liable for monetary damages to his "character, good name and/or reputation, at a minimum, in the Kingdom of Cambodia in the amount of $500,000." (*Id.* at ¶¶ 19, 36, 45). He also seeks injunctive relief. (*See*, *e.g.*, Doc. 3 at ¶¶ 24, 35, 42). In support of his allegations that he has suffered monetary damages, Plaintiff includes as an exhibit a December 2021 demand letter from a Cambodian attorney. The author of the letter states that he represents TC and HJS.[4] (*Id.* at ¶¶ 22 & 29, Doc. 3-1 (Ex. 19) at PageID 102-104). The letter expresses TC's and HJS's dissatisfaction with Plaintiff's services as their representative before the SSA, stating that a "[i]t has been 5 years" without "discernible proof" that Plaintiff is "fulfilling your obligations" pursuant to an August 18, 2016 agreement to represent the two claimants. The letter concludes with a demand that Plaintiff pay $190,000 to claimant TC and $310,000 to claimant HJS based upon Plaintiff's "failure to effectively represent their interest before the… Social Security Administration." (*Id.* at PageID 102). The author gives Plaintiff 90 days to contact his law firm in order to avoid threatened legal action in a Cambodian court. (*Id.* at PageID 103). The complaint does not allege what actions Plaintiff took in response to the letter, other than the filing of this lawsuit in August 2022.

  II.  **Plaintiff's Motion to Cease and Desist (Doc. 22)**

On February 12, 2023, Plaintiff filed the motion pending before the undersigned. (Doc. 22). In his motion, Plaintiff seeks issuance of an "immediate cease-and-desist order against the Defendants from making any direct attempts to contact [TC or HJS]… without

---

[4] Attached to the 12/1/21 "Demand Letter" is a copy of a Power of Attorney form purportedly executed by TC on November 30, 2021 for the purpose of designating the Cambodian lawyer "for the case relevant to the non-performance of obligations in the paperwork dated 18th August 2016 of [Plaintiff] concerning with the SSA claims process…." (Doc. 3-1 at 35, PageID 104).

going through their named representative," referring to Plaintiff himself. (*Id*. at 1, PageID 261). The motion cites to an email sent on December 10, 2022 addressed directly to TC by the Office of Earnings and International Operations ("OIO") that sought basic information from TC "without the benefit of advice from, nor input from, nor the knowledge of her named representative." (*Id*. at ¶ 7, citing Doc. 22-3 (Ex. 26)). In addition, Plaintiff alleges that the OIO "and/or the SSA" mailed a letter to TC in Cambodia (and not to Plaintiff) on January 28, 2023. (*Id*. at ¶ 8). Plaintiff argues that both communications to TC were intended "to create instability and mistrust between [TC and HJS]… with regard to their relationship with Michael." (*Id.*)

Defendant Commissioner opposes Plaintiff's "cease and desist" motion on multiple grounds. First, Defendant argues that without subject matter jurisdiction over this action, this Court has no authority to act. While Plaintiff alleges that jurisdiction is proper under the Social Security Act, *see* 42 U.S.C.§ 405(g), Defendants have moved to dismiss based in part upon a lack of jurisdiction under that Act.[5] Those motions remain pending before the presiding district judge. Without prejudging the merits of the pending motions, the undersigned agrees with Defendant that Plaintiff's "cease and desist" motion is procedurally premature.

The undersigned notes that the relief sought by Plaintiff in his "cease and desist" motion closely aligns with the primary injunctive relief he seeks in his complaint that seeks an order directing Defendants to recognize him as the claimants' representative.[6] Such

---

[5]Despite Plaintiff's explicit citation only to the Social Security Act, (Doc. 3 at ¶ 5), Defendants' motions to dismiss also evaluate jurisdiction for his complaint under 28 U.S.C. §§ 1331, 1346 and/or 1361.

[6]The Commissioner's opposing memorandum discusses the underlying merits, pointing out that its regulations do not specify when a representative's appointment ends, or when the staff of the SSA may contact a potentially represented claimant directly for clarification or verification of representation. See POMS GN 03910.050A, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0203910050 (last accessed May 10, 2023). The Commissioner states that it has "no reasonably current affirmative indication

merits-based relief is inappropriate at this early stage of proceedings, prior to resolution of the pending motions to dismiss and/or the entry of a calendar order. However, to the extent that Plaintiff's motion could be construed as a motion seeking a preliminary injunction or TRO, the undersigned alternatively would recommend denial of such extraordinary relief because Plaintiff has failed to show a substantial likelihood of success on the merits or any other relevant factor, notwithstanding his conclusory reference to "irreparable harm." (Doc. 24 at 1). *See, generally, Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226-227 (6th Cir. 1996),

If construed instead as a procedural (non-dispositive) motion concerning Defendants' ability to contact potential non-party witnesses in this litigation, the undersigned finds the motion to be equally without merit. Plaintiff cites to no authority that would support entry of the "cease and desist" order that he seeks. Unlike in social security administrative proceedings where a non-attorney may represent a claimant under certain circumstances, a pro se litigant may not appear in federal court on behalf of anyone but himself. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (holding that federal law does not allow "plaintiffs to appear pro se where interests other than their own are at stake"). In other words, regardless of whether or not Plaintiff is permitted to represent the claimants before the SSA, he cannot represent TC or HJS in *this* litigation. It is obvious from the complaint that both TC and HJS are likely to have relevant information and/or a financial interest in this case. The undersigned will not prohibit future contact of non-party

---

that [TC and HJS]…want [Plaintiff] to represent them," and that the Demand Letter raises an issue as to Plaintiff's continuing representation. Defendant's motion to dismiss and reply memorandum both discuss attempts by SSA employees to contact TC to verify whether or not she and HJS wish for Plaintiff to continue representing them. (Doc. 15 at 18, PageID 199; Doc. 21 at 2-3, PageID 257-58). The undersigned leaves resolution of such merits-based arguments to the presiding district judge.

5

witnesses by either party in connection with the claims or defenses at issue.

### III. Conclusion and Order

For the reasons explained herein, **IT IS ORDERED THAT** Plaintiff's motion to "cease and desist" (Doc. 22) be **DENIED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge